UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY ALAN RICHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-00748-SEB-KMB |
| | ) |
| ED MCGLONE, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Granting Motion for Counsel and Directing Further Proceedings**

Plaintiff Ashley Richey is a prisoner currently incarcerated at Wabash Valley Correctional Facility. On May 1, 2023, he filed this civil action alleging that he was deprived of a fair trial. The Court screened and dismissed his complaint, explaining that Mr. Richey's claims must be brought in a habeas action rather than a civil action. Dkt. 8. The Court ordered Mr. Richey to show cause why his complaint should not be dismissed.

Mr. Richey has filed several motions and an amended complaint. For the following reasons, the Court believes that it is appropriate to recruit counsel to assist Mr. Richey with these proceedings.

## I. Procedural Background and Amended Complaint

In Mr. Richey's original complaint, he named several Vigo County deputy prosecutors and the Vigo County Prosecutors Office as defendants. He alleged that he was deprived of a fair trial due to the background of one of the jurors and lack of relief for a double jeopardy violation besides having that conviction vacated. He requested that his conviction be overturned and to be compensated for the days he was incarcerated. *See* dkt. 1 (Complaint).

On July 31, 2023, the Court screened and dismissed Mr. Richey's complaint on the basis that the prosecutors were entitled to immunity for the actions they took in the course of Mr. Richey's criminal trial; that challenges to the legality of his detention must be raised in a habeas action rather than a civil rights action; and that any claim alleging that he was wrongfully incarcerated was barred by the doctrine enunciated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 8 at 2–3. The Court provided Mr. Richey time to show cause why the action should not be dismissed. *Id.* at 4.

Mr. Richey filed a motion for reconsideration and motion for court assistance on August 9, 2023. Dkts. 10, 11. In the motion for reconsideration, Mr. Richey states, "This is not my appeal on the dissimisal this is to inform you of error beyond my control[.]" Dkt. 10 at 1 (errors in original). He then explains that he is part of the Special Needs Acclimation Program ("SNAP") in the Indiana Department of Correction due to being physically and mentally disabled and is "not allowed to do my own legal work." *Id.* Mr. Richey does not describe his impairment, but the rest of the motion consists of nonsensical statements. ("It was not also not 1917 but 1077 was also field and others are access to courts is limited, we do not even have verified windows when allowed the updated material, and I believe what space I did write was misunderstood as my communitive disorder does throw most off example—livestream—I ment all not and I actually own the open sourse…). Mr. Richey's motion for court assistance requests a form to file a motion to reconsider. Dkt. 11. Mr. Richey subsequently moved for and received an extension to file an amended complaint. Dkts. 12, 13.

Mr. Richey filed an amended complaint on September 19, 2023.[1] Dkt. 16. In the amended complaint, Mr. Richey states that as a pretrial detainee in the Vigo County Jail, he was held in

---

[1] The amended complaint was not filed with the Court until September 28, 2023, but Mr. Richey signed it on September 19, 2023. Dkt. 16 at 11. At this time the Court uses that date under the prison mailbox rule.

unconstitutional conditions. Mr. Richey cogently describes conditions that could give rise to a Fourteenth Amendment claim, including that inmates were not provided masks or cleaning materials at the jail throughout most of 2020, resulting in many contracting COVID-19, and that after an outbreak, inmates were prevented from having access to any outdoor recreation or natural light which resulted in a deterioration of his mental health. *Id.* at 6.

The rest of the amended complaint makes little sense or fails to state a claim for relief in a civil rights action. *See id.* at 6−7 (alleging defendants' actions affected his Basin Shale Operation, that his religious rights were violated due to a prosecutor referring to him as a Christian, that his medical rights were violated by sharing access to his genetic information, etc.).

On October 23, 2023, Mr. Richey filed a motion to appoint counsel and notice of change of address. Dkt. 18. Mr. Richey states that he has been moved to a special needs unit at Wabash Valley Correctional Facility. He says he tried to contact an attorney to represent him but seemingly did not hear back. He attached as an exhibit excerpts of a policy document about the special needs unit. Dkt. 18-1.

The Court takes judicial notice of the Case Summary in Indiana case number 84D06-1807-F2-002470, available at mycase.in.gov, that provides the following information relevant to this action:

- Mr. Richey was charged with voluntary manslaughter and aggravated battery on July 12, 2018;
- Mr. Richey's counsel filed a motion for a mental health evaluation on July 18, 2018, and another motion for psychiatric evaluation was filed on November 8, 2019;

- Competency evaluations were filed in early 2020;[2]
- Mr. Richey was found guilty by a jury on May 17, 2021, and was sentenced to 17.5 years in the IDOC on June 25, 2021.

## II.     Discussion

Mr. Richey's amended complaint possibly states a viable Fourteenth Amendment conditions of confinement claim against Vigo County Sheriff John Plasse in his official capacity under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). However, the only dates Mr. Richey mentions are in 2020. Dkt. 16 at 6. For claims brought under 42 U.S.C. § 1983, "federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). "In Indiana, such claims must be brought within two years." *Id.* (citing Ind. Code § 34-11-2-4). Under the continuing harm doctrine, the statute of limitation begins to run on the last occurrence of the harm. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, with respect to Sheriff Plasse, the harm would have ended once Mr. Richey was transported from the Vigo County Jail to IDOC. *Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 517–18 (7th Cir. 2019). It is likely that Mr. Richey would have been transported shortly after his June 25, 2021, sentencing hearing, which would have made his claims against Sheriff Plasse in his September 19, 2023, Amended Complaint untimely.

The Court could direct Mr. Richey to file another amended complaint that provides the necessary dates. But given Mr. Richey's clear mental health difficulties (and how those mental health difficulties could implicate tolling of the statute of limitations), the Court finds that it is in the interest of justice to appoint counsel for Mr. Richey. *See Mapes v. Indiana*, 932 F.3d 968,

---

[2] It is not clear that a formal hearing to determine competency was ever held, but it does not appear that Mr. Richey was ever committed to a state hospital for restoration to competency during the pendency of his criminal proceedings.

971−72 (7th Cir. 2019) (noting that a judge may recruit counsel to help a pro se litigant amend his complaint if the plaintiff potentially has a meritorious claim but lacks the ability to represent himself).

### III.     Conclusion

Mr. Richey's motion for reconsideration, dkt. [10], motion for court assistance, dkt. [11], and motion to appoint counsel, dkt. [18], are **granted** to the extent that the Court will attempt to recruit counsel to represent Mr. Richey in this action through final judgment. Counsel will have **sixty days** from the date of appointment to file an amended complaint. Extensions of time will be provided upon counsel filing a timely motion.

**IT IS SO ORDERED.**

Date: 11/2/2023

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ASHLEY ALAN RICHEY
283919
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838